**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIAM SCOTT COLLINS, et al.,

    Plaintiffs,

v.                                                                                                                   No. CV 20-869 JCH/CG

GREY HAWK TRANSPORTATION, LLC, et al.,

    Defendants.

## SCHEDULING ORDER

**THIS MATTER** is before the Court on the Rule 16 Scheduling Conference, held on November 25, 2020, and the parties' *Joint Status Report and Provisional Discovery Plan*, (Doc. 32), filed November 18, 2020. The Court adopts the *Joint Status Report and Provisional Discovery Plan*, (Doc. 32), as an Order of the Court as modified below.

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a 180-day discovery track. Accordingly, the Court sets the following case management deadlines:

    i.    Plaintiffs to join additional parties and to amend the pleadings by:    **December 28, 2020**

    ii.    Defendants to join additional parties and to amend the pleadings by:    **January 28, 2021**

    iii.    Plaintiffs to identify in writing any expert witness to be used by Plaintiffs at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by:    **February 23, 2021**

    iv.    All other parties to identify in writing any expert witness

|       |                                                                                                                                                                                                                    |                     |
|-------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------------------|
|       | to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by:                                                                                                      | **March 25, 2021**  |
| v.    | Termination date for discovery:                                                                                                                                                                                    | **May 24, 2021**    |
| vi.   | Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) to be filed with the Court and served on opposing parties by:                                    | **June 14, 2021**   |
| vii.  | Pretrial motions, other than discovery motions, shall be filed with the Court and served on the opposing party by[1]:                                                                                              | **June 24, 2021**   |
| viii. | Final Pretrial Order: Plaintiffs to Defendants by:                                                                                                                                                                 | **August 9, 2021**  |
|       | Defendants to the Court by:                                                                                                                                                                                        | **August 23, 2021** |

Before moving for an order relating to discovery, the parties may request a conference with the Court in an attempt to resolve the dispute. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a motions in limine deadline in a separate order.

Any pretrial motions, other than discovery motions, filed after the above dates shall, in the discretion of the Court, be considered untimely. If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies.

Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

Discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date.

The Court further sets the following discovery parameters:

i. Maximum of 25 Interrogatories by each party to any other party;

ii. Maximum of 25 Requests for Production by each party to any other party;

iii. Maximum of 25 Requests for Admission by each party to any other party;

iv. Maximum of 20 depositions by each party, and an additional 5 depositions for non-expert medical care providers by each party; and,

v. Depositions are limited to 7 hours for party fact witnesses and 4 hours for expert witnesses, unless extended by agreement of the parties.

Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion before the discovery deadline expires.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE