IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM SCOTT COLLINS, et al.,

    Plaintiffs,

v.                                                                                                          No. CV 20-869 JCH/CG

GREY HAWK TRANSPORTATION, LLC, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' *Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) Regarding Defendant Grey Hawk Transportation, LLC's Second Set of Interrogatories to Plaintiff Sarah Collins, Second Set of Interrogatories to Plaintiff William Collins, Second Set of Requests for Production to Plaintiff Sarah Collins, and Third Set of Requests for Production to Plaintiff William Scott Collins* (the "Motion"), (Doc. 115), filed July 30, 2021; Defendant Grey Hawk Transportation's *Response in Opposition to Plaintiffs' Motion for Protective Order* (the "Response"), (Doc. 121), filed August 9, 2021; and Plaintiffs' *Reply to Defendant Grey Hawk's Response in Opposition to Plaintiffs' Motion for Protective Order* (the "Reply"), (Doc. 124), filed August 12, 2021. The parties did not request a hearing on this Motion. *See generally* (Doc. 115); (Doc. 121); (Doc. 124). The Court, having considered the parties' filings, the record, and the relevant law, finds the Motion shall be **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **Factual and Procedural Background**

This personal injury suit arises from a collision, which occurred on December 21,

2018, involving a semi-truck trailer, driven by Defendant Ernesto Dominguez, Jr., and a Ford F-250, driven by Plaintiff William Scott Collins. (Doc. 22 at 2-3). At the time, Mr. Collins was employed by Ironclad Energy Services, and Mr. Dominguez was employed by Defendant Grey Hawk Transportation, LLC ("Grey Hawk"), who owned the semi-truck trailer. *Id.*; (Doc. 29 at 15); (Doc. 121 at 1). According to the *First Amended Complaint* (the "Complaint"), (Doc. 22), the collision occurred on State Road 18 in Lea County, New Mexico. *Id.* at 2-3. Mr. Dominguez merged onto the highway after making a delivery, travelling northbound. *Id.* at 3. Mr. Collins was travelling northbound as well, but he was some distance behind. *Id.* at 3-4. Mr. Dominguez pulled into a crossover median, attempting to make a U-turn onto the southbound side of the highway, but his flatbed trailer remained in the northbound lane of travel. *Id.* at 3. Unable to see the trailer, Mr. Collins struck it and suffered serious injuries as a result. *Id.* at 4.

Mr. Collins and his wife, Sarah Collins, (collectively, "Plaintiffs") commenced this action on August 27, 2020. *See* (Doc. 1). In their Complaint, Plaintiffs raise claims against Mr. Dominguez for negligence and negligence *pe se*, and against Grey Hawk for negligence, negligence *per se*, respondeat superior, and negligent supervision.[1] (Doc. 22 at 4-19). They seek damages including loss of consortium and household services for Mrs. Collins. *Id.* at 19-21. The Court entered its *Scheduling Order*, (Doc. 37), on November 30, 2020, originally setting a discovery termination date of May 24, 2021. (Doc. 37). The Court has twice since extended discovery, which is now set to terminate on September 3, 2021. *See* (Doc. 37); (Doc. 86); (Doc. 96). Trial is currently scheduled to commence on February 3, 2022. (Doc. 70).

---

[1] Grey Hawk Transportation filed a counterclaim and third-party complaint against Mr. Collins and Ironclad Energy Services, (Doc. 13), which has since been dismissed, (Doc. 79).

Throughout this litigation, Grey Hawk has proceeded on a theory that Mr. Collins was distracted at the time of the collision, and thus Grey Hawk has sought information regarding Mr. Collins's cell phone use during that time. *See* (Doc. 29 at 15-16); (Doc. 121 at 1-2). To this end, among others related to damages, on June 3, 2021, Grey Hawk served on Plaintiffs its *Second Set of Interrogatories to Plaintiff Sarah Collins*, *Second Set of Interrogatories to Plaintiff William Scott Collins*, *Second Set of Requests for Production to Plaintiff Sarah Collins*, and *Third Set of Requests for Production to Plaintiff William Scott Collins* (the "Discovery Requests"). (Doc. 105). These Discovery Requests contain three interrogatories and two requests for production ("RFPs") directed at Mr. Collins, (Doc. 115-2); (Doc. 115-4), and six interrogatories and three RFPs directed at Mrs. Collins, (Doc. 115-1); (Doc. 115-3).

On July 30, 2021, Plaintiffs filed the instant Motion, requesting a protective order regarding Grey Hawk's Discovery Request's. (Doc. 115). In particular, Plaintiffs contend that Grey Hawk is "seek[ing] a broad range of information related to the Collinses past and current cell phones [and] iCloud platform that backs up the cell phone data," information which "is protected by attorney-client privilege, . . . privacy concerns, and [] that is generally not relevant" to this case. (Doc. 115 at 3). On August 12, 2021, Plaintiffs filed their Reply to Grey Hawk's Response, in which Plaintiffs ask for the first time that the Court appoint an independent forensic expert pursuant to Federal Rule of Evidence 706. (Doc. 124 at 6).

**II.    Legal Standard for Protective Orders**

The Federal Rules of Civil Procedure give courts the discretion, upon a showing of good cause, to "issue an order to protect a party or person from annoyance,

3

embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. 26(c)(1). Such an order may include, among other things, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[,]" and "designating the persons who may be present while the discovery is conducted[.]" FED. R. CIV. 26(c)(1)(D), (E).

The party seeking the protective order bears the burden of demonstrating good cause for its entry. *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005). Good cause requires "a showing of particular and specific facts pointing to the need for a protective order, not just stereotyped and conclusory statements or ordinary garden variety boilerplate good cause facts which will exist in most civil litigation." *Laul v. Los Alamos Nat'l Laboratories*, 1:16-cv-1017 JAP/KBM, 2017 WL 5129002, at *1 (D.N.M. Nov. 3, 2017) (internal quotation marks and citation omitted). Further, the party seeking the protective order must show "that disclosure will result in a clearly defined and serious injury[.]" *Aguilar v. New Mexico*, 1:14-cv-572 JAP/GBW, 2015 WL 13662790, at *1 (D.N.M. June 26, 2015). "The decision to grant a protective order is vested in the district court's discretion." *Wang v. Hsu*, 919 F.2d 130 (10th Cir. 1990).

### III. Analysis

In the Motion, Plaintiffs argue that the Discovery Requests, which seek information related to their past and current cell phones, are overbroad and encompass information protected by attorney-client privilege and privacy concerns. (Doc. 115 at 3). Plaintiffs further contend that the requests for their backup iCloud data will necessarily require a complete dump of everything contained on their iCloud accounts, which would give Grey Hawk's "testifying expert . . . access to information outside of the boundaries

4

of allowable discovery." *Id.* at 5. Plaintiffs ask the Court "to limit the scope of discovery in question to a period that is relevant to the accident[]" and to order "that the download and production of the information be performed by an independent expert." (Doc. 115 at 4, 6).

In response, Grey Hawk argues, first, that the Motion is premature, because Plaintiffs failed to adequately meet and confer about the dispute, as is required by Federal Rule of Civil Procedure 26(c)(1), and they failed to determine whether Grey Hawk was opposed to the Motion, as is required by Local Rule 7.1. (Doc. 121 at 7). Second, Grey Hawk argues that the Discovery Requests[2] which ask Plaintiffs "about electronic communications in the two and a half years since the accident" are both relevant and narrowly tailored to the following issues:

> (a) Collins physical and mental conditions before the accident and after the accident; (b) how exactly the relationships between the Collinses have changed; (c) how they believe the accident occurred and Collins obvious comparative fault; and (d) whether any such communications exist.

*Id.* at 9. For these reasons, Grey Hawk asks the Court to "deny the motion and return the case to the parties to work toward a resolution." *Id.* at 11.

### A.     Procedural Prerequisites for Seeking a Protective Order

The Court will first address Grey Hawk's procedural objections to the Motion. Local Rule 7.1 requires that a movant "determine whether a motion is opposed[,]" and that the movant recite their "good-faith request for concurrence[.]" D.N.M. LR-Civ.

---

[2] Grey Hawk indicates that Plaintiffs failed to identify the exact requests for which they seek a protective order, but believes Plaintiffs are challenging only four of the fourteen requests contained in the Discovery Requests: Interrogatory 24 and RFP 24 directed at Mr. Collins, and Interrogatory 16 and RFP 18 directed at Mrs. Collins. (Doc. 121 at 18).

5

7.1(a). The rule further provides that a motion "may be summarily denied" for failure to make that request. *Id.* Similarly, Federal Rule of Civil Procedure 26(c)(1) also states that a party seeking a protective order must include in their motion a certification that they have "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court intervention."

In the Motion, Plaintiffs state that they "have met and conferred in good faith with counsel for Defendants to try and resolve these discovery disputes[,]" but that "as of the date of this filing, [] Grey Hawk has not agreed to narrow the scope of its discovery requests, []or allow any download or production of information to be performed by an independent forensic expert." (Doc. 115 at 4, 6). In fact, Grey Hawk concedes that the parties have conferred about the possibility of an expert. (Doc. 121 at 2). Further, at the status conference held on July 27, 2021, three days prior to the filing of this Motion, the Court was privy to one such discussion regarding the issues raised here. *See* (Doc. 112). Thus, the Court finds Plaintiffs have adequately satisfied Rule 26(c)'s meet-and-confer mandate. *See* FED. R. CIV. P. 26(c)(1).

Moreover, although Plaintiffs do not explicitly indicate whether they sought Grey Hawk's concurrence on the filing of the Motion, the Court will not deny the Motion on this ground. *See* D.N.M. LR-Civ. 1.7 ("These rules may be waived by a Judge to avoid injustice."); *see also Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986) (observing the Tenth Circuit has "recognized that district courts have discretion in applying local rules"). To do so would delay this matter on a technicality, thus unnecessarily imperiling the impending discovery deadline and trial date. The Court prefers to resolve the matter on the merits. *See Ecologic Solutions, LLC v. Bio-Tec*

*Environmental, LLC*, 1:10-cv-1220 JCH/LFG, 2011 WL 13289848, at *4 (D.N.M. March 22, 2011) ("[C]ourts prefer to decide cases on their merits rather than technicalities.") (internal citation omitted).

### B.     The Scope of the Discovery Requests

Turning to the substance of the Motion, Plaintiffs raise two main concerns with the Discovery Requests: (1) the temporal scope of the information requested; and (2) the requested methods for obtaining this information. *See generally* (Doc. 115). The Court will first address the temporal scope of the Discovery Requests. Plaintiffs ask the Court to narrow the scope of all the Discovery Requests to "a more limited, relevant period, such as the 24-hour period of December 21, 2018." (Doc. 115 at 6). Grey Hawk contends that the scope of the Discovery Requests is sufficiently narrowed and relevant to its theory that Mr. Collins was distracted while driving, to the issue of Plaintiffs' "apparent spoliation of critical evidence,"[3] and to Mr. Collins's alleged injuries and Mrs. Collins's alleged loss of consortium. (Doc. 121 at 3-4, 8)

In relevant part, with regard to Mrs. Collins, Interrogatories 15 and 16 and RFPs 17 and 18 seek information covering the period from December 18, 2018 (the day of the collision), through the present. (Doc. 115-1); (Doc. 115-3). Interrogatory 17 seeks information covering only the day of the collision, and RFP 19 seeks information covering a four-day period from the day of the collision to December 22, 2018. *Id.* With regard to Mr. Collins, Interrogatories 22 through 24 seek information covering the period

---

[3] Grey Hawk has asserted no claim or defense of spoliation, and thus the Court will not consider this in determining the proper scope of the Discovery Requests. *See* Fed R. Civ. P. 26(b)(1) advisory committee's note (2000 Amendments) (The court has "the authority to confine discovery to the claims and defenses asserted in the pleadings," and "the parties . . . have no entitlement to discovery to develop new claims or defenses[.]").

from the day of the collision through the present. (Doc. 115-2); (Doc. 115-4). RFP 23 seeks information covering the period from the day of the collision through the date on which Plaintiffs no longer possessed the requested phone. (Doc. 115-4). RFP 24 is mixed, seeking both information covering the period from the day of the collision through the present and the four-day period from the day of the collision to December 22, 2018. (Doc. 115-2). The RFPs seek a broad swath of information, including text messages, phone messages, voice messages, and photographs stored on Plaintiffs' cell phones, electronic communications stored on Plaintiffs' iCloud accounts.

The Court agrees with Grey Hawk that information relevant to Grey Hawk's theory of distracted driving and to Plaintiffs' damages claims, which these interrogatories and RFPs seek to obtain, is relevant and discoverable. *See* FED R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). However, the Court disagrees that Grey Hawk is entitled to the *production* of two-plus years' worth of the particular information sought.

The timeframe most relevant to Grey Hawk's theory of distracted driving covers the moments before, during, and after the collision. Although Plaintiffs' may have discussed this issue in the subsequent months and years since the collision, and those discussions may very well be contained on their cell phones or iCloud accounts, the Court is not persuaded that Grey Hawk can therefore request two-plus years' worth of documents in search of this information. Grey Hawk has already obtained some phone records "showing [Mr. Collins's] extensive calling and texting on the day of and in the run up to the accident[,]" and Grey Hawk has questioned both Mr. and Mrs. Collins

during their depositions about these phone calls. (Doc. 121 at 3). To the extent that these AT&T records do not fully elucidate Grey Hawk's theory of distracted driving, discovery into other sources (such as the phones themselves and the iCloud accounts) for that *same* timeframe is more appropriate than expanding the timeframe to over two years. *See* FED R. CIV. P. 26(b)(1) advisory committee's notes (2015 Amendments) (stating that considerations of both relevance and proportionality now govern the scope of discovery).

Likewise, with regard to Plaintiffs' damages claims, it is possible that in the subsequent years and months since the collision Plaintiffs have discussed on their cell phones Mr. Collins's injuries and the effect of those injuries on Mrs. Collins. This information, however, can be "obtained from some other source that is more convenient, less burdensome, or less expensive[.]" FED R. CIV. P. 26(b)(2)(c). In fact, as Plaintiffs state in their Reply, "Defendant's counsel has already explored all of these areas in depth with Plaintiffs in the course of their depositions." (Doc. 124 at 5). Additionally, Grey Hawk can—and likely either will or already has—review medical records, among other things, to explore the issue of damages.

The Court therefore finds that the burden of Grey Hawk's requests for two-plus years' worth of the information sought in RFPs 17, 18, and 19 regarding Mrs. Collins, and RFPs 23 and 24 regarding Mr. Collins outweighs its likely benefit, given the foregoing. See FED R. CIV. P. 26(b)(2)(c) (requiring the court to limit the scope of discovery where "the burden or expense of the proposed discovery outweighs its likely benefit . . ."). As such, the Court will prohibit Grey Hawk from requesting the production of information beyond the twenty-four-hour period of December 18, 2018. The Court will

not, however, prohibit Grey Hawk from propounding interrogatories which explore the period from December 18, 2018, through the present.

### C. The Method for Obtaining Plaintiffs' iCloud Data

Next, the Court will address the methods by which the Discovery Requests seek to obtain the foregoing information. In particular, the Discovery Requests ask Plaintiffs to produce text messages, phone messages, voice messages, photographs, and any other relevant documents stored on their cell phones, as well as electronic communications stored on their iCloud accounts.

Plaintiffs appear not to oppose the production of this information, but rather to define the method by which Grey Hawk may obtain it. Plaintiffs contend, specifically, that Grey Hawk's methods are overly broad, intrusive, and would violate attorney-client privilege and other interests of confidentiality and privacy. (Doc. 115 at 3). Plaintiffs propose that, instead of Grey Hawk obtaining the information from their cell phones and iCloud accounts and then having its own expert sift through that information for relevant evidence, the Court appoint an independent forensic expert pursuant to Federal Rule of Evidence 706. (Doc. 124 at 5-6). Grey Hawk does not appear to object to Plaintiffs' proposal of an independent forensic expert, at least with regard to the iCloud data. *See* (Doc. 121 at 10 ("Using a 706 expert to undertake an iCloud download is worth exploring.")).

Indeed, if permitted free access to Plaintiffs' cell phones and iCloud accounts, Grey Hawk may be able to obtain a broad swath of information that lacks relevance and contains privileged and otherwise private information. Moreover, it appears at this point that both parties are unsure exactly how much information can be obtained

technologically from the phones and the iCloud accounts.

Accordingly, at this time, the Court will not prohibit Grey Hawk from requesting production of text messages, phone messages, voice messages, photographs, and any other relevant, non-privileged documents stored on Plaintiffs' cell phones, or relevant, non-privileged electronic communications stored on their iCloud accounts. The Court will, however, prohibit Grey Hawk from requesting production of Plaintiffs' physical cell phones and their iCloud accounts. The Court will further deny Plaintiffs' request for an independent forensic expert pursuant to Federal Rule of Evidence 706, which they explicitly raise for the first time in their Reply, because Grey Hawk has not had sufficient opportunity to respond to the request.

### IV.     Conclusion

For the reasons stated above, the Court finds Plaintiffs' Motion shall be **GRANTED IN PART** and **DENIED IN PART**. The scope of Grey Hawk's Requests for Production, specifically in RFPs 17, 18, and 19 regarding Mrs. Collins, (Doc. 115-3), and RFPs 23 and 24 regarding Mr. Collins, (Doc. 115-4), shall be limited to a twenty-four-hour period covering December 18, 2018, and, at this time, Grey Hawk shall be prohibited from requesting production of Plaintiffs' cell phones and iCloud accounts. Finally, Grey Hawk shall show cause by no later than **August 23, 2021**, why the Court should not appoint an independent forensic expert to examine Plaintiffs' cell phones and iCloud data.

**IT IS THEREFORE ORDERED** that Plaintiffs' *Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c) Regarding Defendant Grey Hawk Transportation, LLC's Second Set of Interrogatories to Plaintiff Sarah Collins, Second*

*Set of Interrogatories to Plaintiff William Collins, Second Set of Requests for Production to Plaintiff Sarah Collins, and Third Set of Request for Production to Plaintiff William Scott Collins*, (Doc. 115), is **GRANTED IN PART** and **DENIED IN PART**.

    **IT IS FURTHER ORDERED** that Defendant Grey Hawk shall **SHOW CAUSE** by no later than **August 23, 2021**, why the Court should not appoint an independent forensic expert, pursuant to Fed. R. Evid. 706, to examine Plaintiffs' cell phones and iCloud data.

    **IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE