## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM SCOTT COLLINS, et al.,

        Plaintiffs,

v.                                     No. CV 20-869 JCH/CG

GREY HAWK TRANSPORTATION, LLC, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Grey Hawk Transportation, LLC's *Motion to Compel* (the "Motion"), (Doc. 128), filed August 20, 2021; Plaintiff's *Response to Defendant Grey Hawk's Motion to Compel (Doc. 128)* (the "Response"), (Doc. 130), filed August 26, 2021; Defendant Grey Hawk Transportation, LLC's *Reply in Support of Motion to Compel* (the "Reply), (Doc. 133), filed August 30, 2021; and Defendant Grey Hawk Transportation, LLC's *Notice of Completion of Briefing*, (Doc. 134), filed August 30, 2021. The Court, having considered the parties' briefing and the law, and having held a Zoom hearing on August 31, 2021, finds, consistent with the Court's August 17, 2021 *Memorandum Opinion and Order*, that the Motion shall be **GRANTED IN PART** and **DENIED IN PART**.

### I.    Procedural Background

This case arises from a vehicle collision occurring on December 21, 2018, in which Plaintiff William Scott Collins allegedly suffered severe injuries.[1] *See* (Doc. 125 at 2). Mr. Collins and his wife, Plaintiff Sarah Collins, (collectively, "Plaintiffs") commenced

---

[1] The factual history of this case is set forth more fully in the Court's *Memorandum Opinion and Order*, and thus the Court will not restate those facts here. *See* (Doc. 125 at 2-3).

this action on August 27, 2020, raising claims against the other driver involved in the collision, Defendant Ernesto Dominguez, Jr., for negligence and negligence *pe se*, and against Mr. Dominguez's then-employer, Grey Hawk, for negligence, negligence *per se*, respondeat superior, and negligent supervision. (Doc. 22 at 4-19). Plaintiffs seek damages for the injuries Mr. Collins suffered, including loss of consortium and household services for Mrs. Collins. *Id.* at 19-21.

Grey Hawk has contended throughout this litigation that Mr. Collins may have been driving distracted in the leadup to the collision. *See*, *e.g.*, (Doc. 29 at 15-16); (Doc. 121 at 1-2). On this theory, Grey Hawk has sought information regarding Mr. Collins's cell phone use. *See* (Doc. 121 at 1-2). In particular, on June 3, 2021, Grey Hawk propounded a tranche of discovery requests (the "Discovery Requests"), containing three interrogatories and two requests for production ("RFPs") directed at Mr. Collins, (Doc. 115-2); (Doc. 115-4), and six interrogatories and three RFPs directed at Mrs. Collins, (Doc. 115-1); (Doc. 115-3). Plaintiffs responded to these Discovery Requests on July 30, 2021, and moved for a protective order. *See* (Doc. 115).

On August 17, 2021, the Court granted Plaintiffs' motion in part, limiting the scope of the RFPs to a twenty-four-hour period covering December 21, 2018, and prohibiting Grey Hawk from requesting production of Plaintiffs' cell phones and iCloud accounts.[2] (Doc. 125 at 11). The Court did not, however, prohibit Grey Hawk from seeking information via its interrogatories that explore the period from December 18, 2018, through the present. *Id.* at 10.

---

[2] The Court contemplated that an independent forensic expert, if appointed pursuant to Federal Rule of Evidence 706, would analyze the cell phones and the iCloud data as a way, in part, of walling off from Grey Hawk any of Plaintiffs' information that may not be relevant or may be protected by either attorney-client privilege or other privacy concerns.

On August 20, 2021, Grey Hawk filed the instant Motion to Compel in connection with Plaintiffs' responses to the Discovery Requests. (Doc. 128). Grey Hawk asks the Court to overrule Plaintiffs' objections and to otherwise compel them to fully respond to the interrogatories and RFPs. (Doc. 128 at 15-16). In their Response, Plaintiffs state that they "oppose the Motion to Compel on the grounds that a forensic examination of the iCloud data should be a prerequisite to examining the pending discovery requests." (Doc. 130 at 2). Plaintiffs do not address the substance of the Motion, but rather ask that the Court hold the Motion in abeyance pending the appointment of an independent forensic expert. *Id.* at 8.

## II.    Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1).

Parties may propound interrogatories and requests for production pursuant to Federal Rules of Civil Procedure 33 and 34, provided that such requests are within the scope of Rule 26(b). *See* FED. R. CIV. P. 33(a); FED. R. CIV. P. 34(a). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." FED. R. CIV. P. 37(a)(4).

A party may move to compel a response if good faith attempts to secure the answer are unsuccessful. FED. R. CIV. P. 37(a)(3)(B)(iv). The party moving to compel discovery has the burden of proving the opposing party's answers were incomplete. *See Daiflon, Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

### III.    Analysis

In its Motion, Grey Hawk raises issue with Mr. Collins's responses to three interrogatories and two RFPs, and with Mrs. Collins's responses to five interrogatories and three RFPs. *See* (Doc. 128 at 4-15). Indeed, Plaintiffs' responses contain a mixture of substantive answers, discrete objections (the "topical objections"), and blanket objections to the number of subparts included in many of the Discovery Requests (the "supernumerary objections"). *See* (Doc. 128-3); (Doc. 128-4); (Doc. 128-5); (Doc. 128-6). Grey Hawk asks the Court to overrule Plaintiffs' supernumerary objections, to overrule their topical objections, and to otherwise compel complete responses to the Discovery Requests. (Doc. 128 at 4-15).

### A.    Plaintiffs' Supernumerary Objections to the Interrogatories

Turning first to Plaintiffs' supernumerary objections, Plaintiffs objected that Grey Hawk's interrogatories exceeded the twenty-five-interrogatory limit, given many of the interrogatories' multiple subparts. *See* (Doc. 128-3); (Doc. 128-5). Grey Hawk asks that the Court overrule these objections on the following grounds: (1) Plaintiffs waived them by proceeding to provide responses to the subparts; (2) Plaintiffs waived them by failing to raise them in their earlier motion for a protective order; and (3) the subparts relate directly to the larger interrogatory question, and thus seek to narrow information rather than ask separate questions. (Doc. 128 at 4-5).

4

Federal Rule of Civil Procedure 33(a) limits the number of interrogatories available to each party to twenty-five, unless otherwise ordered by the court, "including all discrete subparts." And, indeed, the Court set the limit at twenty-five in its *Scheduling Order*. (Doc. 37 at 3). "Subparts count as one interrogatory . . . only if they are logically or factually subsumed within and necessarily related to the primary question." *Los Alamos Nat'l Bank, N.A. v. Fidelity Bank*, 1:18-cv-KG/JHR, 2019 WL 2340959, at *3 (D.N.M. June 3, 2019) (internal quotations and citation omitted).

"When a party believes that another party has asked too many interrogatories, the party to which the discovery has be[en] propounded should object to all interrogatories or file a motion for protective order. The responding party should not answer some interrogatories and object to the ones to which it does not want to respond. By answering some and not answering others, [a party] waive[s] this objection." *Allahverdi v. Regents of University of New Mexico*, 228 F.R.D. 696, 699 (D.N.M. 2005).

Here, the vast majority, if not all, of the interrogatories propounded in the Discovery Requests contain subparts, which are not discrete but rather are logically and factually subsumed within the primary question. For instance, Interrogatory 22 directed at Mr. Collins asks him to identify the cell phones he has possessed since around the time of the collision, and the subparts ask him such questions as whether he still possesses the phone; if not, when he no longer possessed it; what happened to it; and what steps he took to locate it. *See* (Doc.128-3 at 4).

In any event, Plaintiffs answered the interrogatories and the subparts, which rendered their supernumerary objections waived. See *Allahverdi*, 228 F.R.D. at 699.

Moreover, they failed to raise this issue in their motion for a protective order, (Doc. 115),

which they filed on July 30, 2021, and which the Court has already ruled on, (Doc. 125).

Therefore, the Court finds that Plaintiffs waived their supernumerary objections to the

Discovery Requests. The Court thus **OVERRULES** these objections.

### B.   Plaintiffs' Topical Objections to the Discovery Requests

Next, Plaintiffs lodged several topical objections to the Discovery Requests,

which Grey Hawk asks the Court to overrule. The Court will consider each in turn.

*Interrogatory Number 22 to Plaintiff William Scott Collins*

Identify each cell phone by make, model, and telephone number you have possessed
since December 18, 2018 and for each phone state:

   (a) The application(s) you used to send and/or receive electronic communications;
   (b) The identity of any cloud or other service that may have backed up the phone;
   (c) Whether you still possess the cell phone;
   (d) If you no longer possess the cell phone, the date and/or timeframe as of which
      you no longer possessed it;
   (e) If you no longer possess the cell phone, what happened to it;
   (f)  If you cannot locate the cell phone, what steps you undertook to find it;
   (g) If you no longer possess the cell phone, why you did not preserve it for this
      litigation;
   (h) If you no longer possess the cell phone, whether and with whom you discussed
      the importance of retaining the phone as well the identity of any documents
      reflecting such discussions; and
   (i) Whether you or someone else migrated the information and/or data from the
      cell phone to another cell phone(s), and if so what specific data or information
      was migrated, and whether you still possess such data and information.

(Doc. 128-3 at 4). Grey Hawk raises specific issue with Mr. Collins's responses to

subparts (a), (f), (g),(h), and (i). (Doc. 128 at 4-6).

*Subpart (a)*

Mr. Collins objected to subpart (a) as not relevant to any claims or defenses.

(Doc. 128-3 at 4). Although the Court ruled in its August 17, 2021 MOO that Grey Hawk

may explore through its interrogatories a broader timeframe than permitted with its RFPs, the Court narrowed the subject-matter scope to "information relevant to Grey Hawk's theory of distracted driving and the Plaintiffs' damages claims[.]" (Doc. 125 at 8).

To the extent that this subpart is aimed at locating where on Mr. Collins's phone or iCloud account certain relevant information may exist it is redundant. The Rule 706 expert will likely be tasked with this endeavor. To the extent that this subpart seeks information relevant to spoliation, the Court has already ruled that out as not sufficiently relevant to the issues raised in this case. *See id.* at 7, n.3. To expand, although spoliation need not be raised as a claim or defense in order to obtain information relevant to it in discovery, the issue of spoliation in this case is made less relevant by the fact that Grey Hawk has not formally raised it, and that diminished relevance is outweighed by the burdens it would place on Plaintiffs. *See* FED. R. CIV. P. 26(B)(2)(C) (requiring the court to limit the scope of discovery where "the burden or expense of the proposed discovery outweighs its likely benefit . . ."). Therefore, the Court **SUSTAINS** Mr. Collins's objection to subpart (a) and will **NOT COMPEL** him to supplement his response.

### Subparts (f) and (g)

Mr. Collins does not specifically object to subparts (f) and (g). In identical responses to these subparts, he states, in relevant part, that he "has made a reasonable search for the phone and has not been able to locate the phone or recall how he may have disposed of it, if at all." (Doc. 128-3 at 5). While this is not responsive to these subparts, the questions posed in subparts (f) and (g) are not sufficiently relevant to Grey Hawk's theory of distracted driving or to Plaintiffs' damages claims.

These questions appear to relate to spoliation, which is not a claim or defense in this case. For the reasons stated under subpart (a) above, the Court will **NOT COMPEL** Mr. Collins to supplement his responses to these subparts.

### Subpart (h)

Mr. Collins objects to subpart (h) as seeking "protected attorney client communication." *Id.* at 5. Again, subpart (h) appears aimed at spoliation. For the reasons already stated regarding spoliation, the Court **SUSTAINS** Mr. Collin's objection to subpart (h) on other grounds and will **NOT COMPEL** him to supplement his response.

### Subpart (i)

Mr. Collins does not specifically object to subpart (i), but rather responds to a substantial portion of it. As Grey Hawk indicates, he does not specify *whether* he is currently in possession of any data or information that was migrated from any of the cell phones he has possessed between December 18, 2018, through the present. *Id.* at 5-6. In any event, as this question seeks to locate information relevant to Grey Hawk's theory of distracted driving or Plaintiffs' damages claims, the Rule 706 expert will likely determine the answer to this subpart. For that reason, the Court will **NOT COMPEL** Mr. Collins to supplement his response to subpart (i).

### Interrogatory Number 23 to Plaintiff William Scott Collins

For each cell phone that you possessed on the date of the incident but claim to no longer have, state:

    (a) Whether that cell phone contained any materials responsive to Requests for Productions Nos. 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 15, 19 and 20 from Grey Hawk's First Requests for Production to William Scott Collins;

> (b) Before you discontinued use of the cell phone, whether you provided anyone access to the cell phone or materials from the cell phone for this case; and
> (c) If you did provide access or materials, the date on which you provided access, the identity of whom you provided access and/or materials, the circumstances of doing so and the identities of all communications or documents shared with such person(s).

(Doc. 128-3 at 6). Grey Hawk raises specific issue with Mr. Collins's responses to each subpart of this Interrogatory.

### Subpart (a)

Mr. Collins objected to subpart (a) as seeking communications protected by attorney-client privilege and other privacy concerns, and that it "is duplicative of prior discovery requests that are enumerated within the interrogatory itself." *Id.* at 6-7. The parties did not provide the Court with the RFPs referenced in this subpart.

The Court **SUSTAINS IN PART** and **OVERRULES IN PART** Mr. Collins's objection. That is, the Court **COMPELS** Mr. Collins to supplement his response by fully answering whether the cell phone he possessed on December 21, 2018, contained any materials which would be responsive *only* to those RFPs that are closely relevant to either Grey Hawk's theory of distracted driving or to Plaintiffs' damages claims, and that do not seek communications protected by attorney-client privilege.

The Court will further require that, to the extent that Mr. Collins seeks to object on the grounds of attorney-client privilege, he produce a privilege log substantiating such claim. *See Anaya v. CBS Broad., Inc.*, 251 F.R.D. 645, 649, JB/KBM 06-cv-476 (D.N.M. 2007) (requiring the production of a privilege log to substantiate a party's claim of attorney-client privilege).

*Subparts (b) and (c)*

Mr. Collins objected to subpart (b) for the same reason as subpart (a), but then in subpart (c), he essentially answers both subparts (b) and (c). (Doc. 128-3 at 7). He states that he "has not provided anyone access to the phone or materials from the cell phone." *Id.* As such, the Court finds that this is sufficiently responsive to subparts (b) and (c) and will **NOT COMPEL** him to supplement his response to these subparts.

*Interrogatory Number 24 to Plaintiff William Scott Collins*

Identify each electronic communication you had with any person, not your attorney – unless someone other than your attorney was included in the communication(s) – mentioning, concerning, regarding, and/or relating to the incident as well as any physical and mental injuries/conditions you allege you sustained as a result; and for each state:

    (a) The date of the communication
    (b) The person with whom you communicated;
    (c) The application used and/or platform you used to make the communication;
    (d) The device used;
    (e) The substance of the communication;
    (f)  Whether you still have the electronic communication;
    (g) If not, the disposition of the electronic communication; and
    (h) If you no longer have the communication or cannot remember and/or recall all communications you had, the steps you undertook to locate the communication(s), including without limitation checking the iCloud or similar platform for backup copies.

(Doc. 128-3 at 7-8).

Mr. Collins objected to this interrogatory in its entirety, contending it was overly broad and "makes it unduly burdensome to expect Plaintiff to potentially identify any communication that could be encompassed" by the request. *Id.* at 8. Grey Hawk argues that the interrogatory is narrowly written, requiring Mr. Collins to simply "identify the communications related to the accident or his alleged injuries." (Doc. 128 at 8).

10

Mr. Collins fails to sufficiently state the basis for his objection that this interrogatory is unduly burdensome, as is required by Federal Rule of Civil Procedure 33(b)(4). As such, the Court cannot properly assess the alleged burdens and balance the parties' interests. Indeed, an answer to this interrogatory would require Mr. Collins to rack his memory, and perhaps, for instance, search his email accounts for all electronic communications he has had with anyone over the past two-plus-years about his collision and about his injuries. However, this request is made against the backdrop of Mr. Collins no longer having possession of the cell phone he had on the day of the accident. And further, there remain questions about whether the information contained on that phone will be recovered. As such, the Court **OVERRULES** Mr. Collins's objection to Interrogatory 24 and **COMPELS** him to supplement his response to it.

*Requests for Production Numbers 23 & 24 to Plaintiff William Scott Collins*

| RFP 23 |
| --- |
| For each cell phone you possessed on December 21, 2018, but claim to no longer have, produce all text messages, phone messages, photographs and/or other documents that you have kept or have access to pertaining to the topics identified in Requests for Production Nos. 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 14, 15, 19 and 20 from Grey Hawk's First Requests for Production to William Scott Collins. |

| RFP 24 |
| --- |
| Produce all electronic communications, including those stored on your iCloud or similar platform: <br><br> (a) Identified in Answer to Interrogatory 24; <br> (b) You sent and/or received, not with your attorneys (unless someone other than your attorneys was included in the communication), from December 18, 2018 to December 22, 2018; and <br> (c) You sent and/or received, not with your attorneys (unless someone other than your attorneys was included in the communication), reflecting any activities you participated in after December 21, 2018. |

(Doc. 128-4 at 4-5).

Mr. Collins objected to these RFPs as requiring disclosure of communications protected by attorney-client privilege and privacy concerns, as duplicative of prior discovery requests, and as overly broad. *Id.* at 4-6.

The Court previously ruled on these two RFPs in its August 17, 2021 MOO. *See* (Doc. 125 at 11). The Court ruled that Gray Hawk would not be prohibited from seeking production of text messages, phone messages, voice messages, photographs, any other relevant, non-privileged documents stored on Mr. Collins's cell phones, or relevant, non-privileged electronic communications stored on his iCloud account. *Id.* The Court ruled, however, that Gray Hawk would be prohibited from requesting access to Mr. Collins's physical cell phone and to his iCloud account, and that the requests would be limited to the twenty-four-hour period of December 21, 2018. *Id.*

Consistent with that, the Court **OVERRULES IN PART** Mr. Collins' objections, and **COMPELS** him to produce the requested information, subject to the limitations that (1) the information be limited to the twenty-four-hour period of December 21, 2018, (2) Mr. Collins not be required to produce his physical cell phone or give access to his iCloud account, and (3) the information be relevant to either the collision itself, Gray Hawk's theory of distracted driving, or damages, but not to any issues of spoliation. *See id.*

### *Interrogatory Number 13 to Plaintiff Sarah Collins*

Identify all of your and Plaintiff William Scott Collins present and past attorneys in this case and for each: (a) state the date on which you, Plaintiff William Scott Collins, or

> someone on your behalf retained that attorney; and (b) provide all telephone numbers and email addresses associated with them.

(Doc. 128-5 at 4).

Mrs. Collins objected to this interrogatory as outside the scope of discovery. *Id.* Grey Hawk contends this information is relevant to spoliation, potential litigation regarding Plaintiffs' cell phone use, and to any Rule 706 expert in determining what communications might be subject to attorney-client privilege. (Doc. 128 at 9).

The Court agrees with Grey Hawk that this information is relevant to determining which communications on Mrs. Collins phone and in her iCloud account may be attorney-client privileged communications. This information will aid the Rule 706 expert in identifying or ferreting out any such communications. *See United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974) (the attorney-client privilege "extends . . . only to the substance of matters communicated to an attorney in professional confidence[]"); *see also United States v. Alexander*, 37 F.3d 1501 (7th Cir. 1994) (a criminal defendant's telephone records showing times of calls to his attorney were not protected by the attorney-client privilege). The Court further believes this information will aid the parties in resolving any subsequent disputes they may have over communications identified by the Rule 706 expert as potentially privileged communications.

Therefore, the Court **OVERRULES** Mrs. Collins's objection to this interrogatory and **COMPELS** her to supplement her response by no later than **September 9, 2021**.

### *Interrogatory Number 14 to Plaintiff Sarah Collins*

> State whether you discussed with anyone the need to retain the cell phone you and/or Plaintiff William Scott Collins used on the day of the incident, the dates of any

communications about retention, the identities of all person with whom you had such
discussions, and the identity of any documents reflecting such communications.

(Doc. 128-5 at 4).

Mrs. Collins objected to this interrogatory as seeking conversations protected by
attorney-client privilege. *Id.* Mrs. Collins nevertheless answered that she has "not had
any non-privileged conversations with any other persons about the subject matter
addressed in this interrogatory." *Id.* Grey Hawk contends that the objection should be
overruled because Mrs. Collins failed to provide a privilege log to assess her claim of
privilege. (Doc. 128 at 10).

Interrogatory 14 seeks information relevant primarily to proving spoliation. For the
reason stated above, the Court **SUSTAINS** Mrs. Collins objection to this interrogatory
and will **NOT COMPEL** her to supplement her response.

### *Interrogatory Number 15 to Plaintiff Sarah Collins*

For each cell phone you have possessed from December 18, 2018 to the present,
identify the brand and model, and for each phone state:

    (a) The applications you use/d to send and/or receive electronic communications;
    (b) Whether any cloud or similar service backs up or backed up the phone;
    (c) The time period you use/d the phone;
    (d) Whether you still possess the phone;
    (e) If you no longer possess the phone, what happened to it;
    (f) Whether the phone contains/ed any materials responsive to Requests For
        Productions Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, 14, 15 and 16 from Grey
        Hawk's First Requests for Production to Sarah Collins and/or Requests for
        Productions No. 1, 2, 3, 4, 6, 7, 8, 9, 11, 12, 13, 15, 19 and 20 from Grey
        Hawk's First Requests for Production to William Scott Collins;
    (g) If the phone contains/ed responsive materials, a description of what the phone
        contains/ed;
    (h) Whether you provided anyone access to the phone or materials from the cell
        phone(s) for this case; and
    (i) If you did provide access or materials, the date on which you provided access,
        the identity of whom you provided access and/or materials, the circumstances

> of doing so and the identity of all communications or documents shared with such person(s).

(Doc. 128-5 at 4-5).

This interrogatory, as well as Mrs. Collins's responses to it, is largely similar to Interrogatory 22 directed at Mr. Collins. Also similarly, Grey Hawk raises issue with Mrs. Collins's responses to subparts (a), (f), (g), and (h).

### *Subpart (a)*

Mrs. Collins objected to subpart (a) as not relevant to any claims or defenses. *Id.* at 5. For the same reasons stated above, under subpart (a) of Interrogatory 22 for Mr. Collins, the Court **SUSTAINS** Mrs. Collins's objection to subpart (a) and will **NOT COMPEL** her to supplement her response.

### *Subparts (f), (g), and (h)*

Mrs. Collins objected to subparts, (f), (g), and (h) as protected by attorney-client privilege, as duplicative of prior discovery requests, and as overbroad. *Id.* at 6. It is noteworthy that Grey Hawk admits that subpart (h) is aimed at "the burgeoning abuse questions[,]" *i.e.*, spoliation. (Doc. 128 at 12). For the same reasons stated above, under subparts (f) and (g) of Interrogatory 22 for Mr. Collins, the Court **SUSTAINS** Mrs. Collins's objections to subparts (f), (g), and (h) as not sufficiently relevant and will **NOT COMPEL** her to supplement her response.

### *Interrogatory Number 16 to Plaintiff Sarah Collins*

> Identify each electronic communication you had with any person, not your attorney (unless someone other than your attorney was included in the communications), mentioning, concerning, regarding, and/or relating to the incident as well as any physical and mental injuries/conditions you and/or Plaintiff William Scott Collins allege you sustained as a result. For each state:

(a) The date of the communication
(b) The person with whom you communicated;
(c) The application and/or platform you used to make the communication;
(d) The device used;
(e) The substance of the communication;
(f)  Whether you still have the electronic communication;
(g) If you no longer possess the communication, the disposition of the electronic communication; and
(h) If you no longer have the communication or cannot remember and/or recall all communications you had, the steps you undertook to locate the communication(s), including without limitation checking you or Plaintiff William Scott Collins' iCloud or similar platform for backup copies.

(Doc. 128-5 at 7-8).

This interrogatory is virtually identical to Interrogatory 24 directed at Mr. Collins. Likewise, Mrs. Collins objected to it in its entirety, contending it was overly broad and "makes it unduly burdensome to expect Plaintiff to potentially identify any communication that could be encompassed" by the request. (Doc. 128-5 at 8).

Mrs. Collins fails to sufficiently state the basis for her objection that this interrogatory is unduly burdensome, as is required by Federal Rule of Civil Procedure 33(b)(4). As such, the Court cannot properly assess the alleged burdens and balance the parties' interests.

An answer to this interrogatory would require Mrs. Collins to rack her memory, and perhaps, for instance, search her email accounts for all electronic communications she has had with anyone over the past two-plus-years about her husband's collision and about his and her injuries. However, this request is made against the backdrop of Mr. and Mrs. Collins no longer having possession of the cell phones they had on the day of the accident. And there remain questions about whether the information contained on that phone will be recovered. As such, the Court **OVERRULES** Mrs.

Collins's objection to Interrogatory 16 and **COMPELS** her to supplement her response

to it.

<u>Interrogatory Number 17 to Plaintiff Sarah Collins</u>

Identify each voicemail and text message you left for Plaintiff William Scott Collins on
the day of the incident, and for each state:

    (a) The approximate time of the voicemail or text message;
    (b) The substance of what was said on/in the voicemail or text message;
    (c) Whether you ever heard the voicemail left on your husband's phone;
    (d) If you or Plaintiff William Scott Collins no longer have the voicemail, or text,
        whether you checked for any backups on Plaintiff William Scott Collins' iCloud
        or similar platform.

(Doc. 128-5 at 8). In one, single response to this entire interrogatory, Mrs. Collins

stated:

> Defendant has possession of the records for the 24-hour
> period of December 21, 2018, bates-stamped AT&T-SC
> 0001-0088 and AT&T-WSC 0001-0074. Plaintiff is not able
> to identify any text messages sent to William Scott Collins on
> December 21, 2018, nor any telephone calls to or from
> William Scott Collins on December 21, 2018, that were
> answered by voicemail. Plaintiff cannot recall any text
> message or voice mail message that would contradict the
> above-identified records.

*Id.* at 8-9.

      Despite Grey Hawk's insistence that Mrs. Collins did not sufficiently respond to

the interrogatory, and instead, merely references business records (the AT&T records),

the Court disagrees. Though inartful, Mrs. Collins stated that she could find no text

messages or phone calls in the AT&T records that were answered by voicemail on the

day of the collision. In the last sentence of her response, she essentially stated that,

even beyond those records, she could recall no text messages or voicemail messages

that she sent to Mr. Collins on the day of the collision. Thus, the Court finds that Mrs.

Collins substantially answered this interrogatory and will **NOT COMPEL** her to

supplement her response.

*Requests for Production Numbers 17, 18 & 19 to Plaintiff Sarah Collins*

| RFP 17 |
| --- |
| For each cell phone you possessed from December 18, 2018 to the present, produce all text messages, phone messages, voice messages, photographs and/or other documents, that you have on your phone(s) – or have access to – pertaining to this case, the allegations you or Plaintiff William Scott Collins make and/or the damages you allege you or Plaintiff William Scott Collins sustained as a result of the motor vehicle accident on December 21, 2018. |

| RFP 18 |
| --- |
| Produce all electronic communications, including those stored on your iCloud or similar platform, identified in Answers to Interrogatories 15, 16, and 17. |

| RFP 19 |
| --- |
| Produce all electronic communications, including those stored on your iCloud or similar platform, you sent to and/or received from Plaintiff William Scott Collins, from December 18, 2018 to December 22, 2018. |

(Doc. 128-6 at 4-5). Mrs. Collins objected to these RFPs as requiring disclosure of

communications protected by attorney-client privilege and privacy concerns, as

duplicative of prior discovery requests, and as overly broad. (Doc. 128-6 at 4-5).

As stated above, the Court previously ruled on these three RFPs in its August 17,

2021 MOO. *See* (Doc. 125 at 9, 11). The Court ruled that Gray Hawk would not be

prohibited from seeking production of text messages, phone messages, voice

messages, photographs, any other relevant, non-privileged documents stored on Mrs.

Collins's cell phones, or relevant, non-privileged electronic communications stored on

18

her iCloud account. *Id.* The Court ruled, however, that Gray Hawk would be prohibited from requesting access to Mrs. Collins's physical cell phone and to her iCloud account, and that the requests would be limited to the twenty-four-hour period of December 21, 2018. *Id.*

Consistent with that, the Court **OVERRULES IN PART** Mrs. Collins's objections, and **COMPELS** her to produce the requested information, subject to the limitations that (1) the information be limited to the twenty-four-hour period of December 21, 2018, (2) Mr. Collins not be required to produce his physical cell phone or give access to his iCloud account, and (3) the information be relevant to either the collision itself, Gray Hawk's theory of distracted driving, or damages, but not to any issues of spoliation. *See id.*

## IV.    Conclusion

For the reasons stated above, the Court finds Grey Hawk's Motion shall be **GRANTED IN PART** and **DENIED IN PART**.

**IT IS THEREFORE ORDERED** that Defendant Grey Haw Transportation, LLC's *Motion to Compel*, (Doc. 128), is **GRANTED IN PART** and **DENIED IN PART**.

 **IT IS FURTHER ORDERED** that Plaintiffs shall supplement their responses to the Discovery Requests consistent with the foregoing no later than **seven days** after the Rule 706 expert completes his examination of the cell phones and iCloud accounts.

**IT IS FINALLY ORDERED** that Plaintiff Sarah Collins shall supplement her response to Interrogatory 13 by no later than **September 9, 2021**.

**IT IS SO ORDERED**.

THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE